UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
CG, an infant by his mother and natural guardian, AURORA J. GEORGES and AURORA J. GEORGES, individually,

                Plaintiffs,

- against -

TARGET CORPORATION,

                Defendant.
-------------------------------------------------------x

**MEMORANDUM & ORDER**
22-CV-6247 (PKC) (JRC)

PAMELA K. CHEN, United States District Judge:

On October 17, 2022, Defendant Target Corporation ("Target") filed a Notice of Removal ("Notice") removing this action from the Supreme Court of the State of New York, Kings County to this Court. (Notice, Dkt. 1.) For the reasons set forth below, this case is *sua sponte* remanded to the state court.

## BACKGROUND

Plaintiffs claim that because of Defendant's "negligence, carelessness and recklessness," they suffered "severe and serious personal injuries to mind and body" while on the premises of a store operated by Defendant located at 1598 Flatbush Avenue. (Compl., Dkt. 1-1, ¶¶ 31–32.) According to the Complaint, "some of [Plaintiffs'] injuries are believed to be permanent in nature and duration," and Plaintiffs have "incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of said injuries." (*Id.* ¶ 34.) Plaintiffs further allege that they were damaged "in an amount exceeding the monetary jurisdictional limits of all lower courts that would otherwise have jurisdiction." (*Id.* ¶ 37.)

Defendant invokes diversity jurisdiction pursuant to 28 U.S.C. § 1332 as the basis for federal subject matter jurisdiction. (Notice, Dkt. 1, ¶ 6.) The Notice alleges that Plaintiffs are

1

citizens of New York, while Defendant is a "Minnesota business corporation" with its "principal place of business in Minneapolis, Minnesota." (*Id.* ¶¶ 7–8.) With respect to the amount in controversy, the Notice explains that on September 20, 2022, Plaintiffs' counsel refused to stipulate that the recovery for damages would be capped at $75,000, in which case Defendant "would forego [its] request for removal." (*Id.* ¶ 10.) Based on Plaintiffs' refusal to agree to the stipulation, Defendant summarily asserts that the "amount in controversy for removal purposes therefore exceeds $75,000." (*Id.*) To date, Plaintiffs have not filed a motion for remand.

## DISCUSSION

As a threshold matter, the Court first must address whether it may remand this case to the state court *sua sponte*, absent a motion from Plaintiff. The relevant statute, 28 U.S.C. § 1447(c), states in relevant part:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under [S]ection 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

*Id.* The Second Circuit has construed this statute as authorizing a district court, at any time, to remand a case *sua sponte* upon a finding that it lacks subject matter jurisdiction. *See Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131, 133–34 (2d Cir. 2006) (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)).

Here, as in all cases removed to federal court based on diversity jurisdiction, the removing party has the burden of establishing that the amount in controversy exceeds the $75,000 jurisdictional threshold mandated by 28 U.S.C. § 1332(a). *See Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 273–74 (2d Cir. 1994). "[I]f the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendant's notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack

2

diversity jurisdiction as a basis for removing the plaintiff's action from state court." *Id.*  The Second Circuit has cautioned district courts to "construe the removal statute narrowly, resolving any doubts against removability." *In re Fosamax Prods. Liab. Litig.*, No. 06-MD-1789 (JFK), 2013 WL 603187, at *2 (S.D.N.Y. Feb. 14, 2013) (citing *Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1045–46 (2d Cir. 1991)).

In this case, Defendant has failed to meet its burden to show that the $75,000 jurisdictional amount required for diversity jurisdiction has been satisfied.  Defendant's assertion that "the amount in controversy for removal purposes . . . exceeds $75,000" is based primarily on the fact that Plaintiffs would not stipulate to a $75,000 damages cap.  (Notice, Dkt. 1, ¶ 10).  Although federal courts "allow remands on the basis of plaintiff[s'] stipulations to damages amounts that fall below the diversity jurisdictional threshold," *Luce v. Kohl's Dep't Stores, Inc.*, 23 F. Supp. 3d 82, 85 (D. Conn. 2014) (citing *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 595 (2013)), the inverse is not true.  That is, the Court will not infer from a refusal to sign such a stipulation that Plaintiffs' claims necessarily exceed the $75,000 amount in controversy threshold.  *See Price v. PetSmart Inc.*, 148 F. Supp. 3d 198, 201 (D. Conn. 2015) ("[T]he fact that a plaintiff will not stipulate to damages of less than $75,000 does not alone compel a conclusion that the actual amount in controversy is more than $75,000 in the absence of other evidence that this is so.").

Furthermore, here, "Defendant cannot meet [its] burden by relying on inferences drawn from [Plaintiffs'] Complaint, because the Complaint does not allege a damages amount." *Herrera v. Terner*, No. 16-CV-4610 (DLI) (JO), 2016 WL 4536871, at *2 (E.D.N.Y. Aug. 30, 2016). Plaintiffs only allege that they were damaged "in an amount exceeding the monetary jurisdictional limits of all lower courts that would otherwise have jurisdiction." (Compl., Dkt. 1-1, ¶ 37.)  This mention of the "lower courts" is a reference to the lower civil courts of New York State, which

3

may not entertain actions seeking to recover more than $25,000, and not a reference to federal district courts. *See De Garcia v. Tropicana Ent. Inc.*, No. 22-CV-12 (AMD) (JRC), 2022 WL 375996, at *2 (E.D.N.Y. Feb. 8, 2022) (remanding case for failure to satisfy jurisdictional amount where defendants relied solely on *ad damnum* clause in complaint stating that plaintiff was seeking damages "in a sum exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction" and explaining such a clause "merely indicates an amount in controversy in excess of $25,000") (internal citations omitted); *see also id.* (collecting cases).

Finally, neither the Complaint nor the Notice contains sufficient information regarding the nature and extent of Plaintiffs' injuries to permit this Court to draw a reasonable inference that the amount in controversy requirement has been satisfied.  Plaintiffs' allegations that they suffered "severe and serious personal injuries to mind and body" (Compl., Dkt. 1-1, ¶ 32), that "some of [their] injuries are believed to be permanent in nature and duration" (*id.* ¶ 34), and that they "incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of said injuries" (*id.*), all could support a claim for greater than $75,000 in damages, if there were other allegations to support such assertions.  However, without additional detail regarding the "nature and extent of Plaintiff[s'] injuries, the treatment received, or details regarding the other losses [they] purportedly suffered," *Herrera*, 2016 WL 4536871, at *2, the Court cannot say whether there is a "'reasonable probability' that the claim is in excess of [$75,000]."  *Id.* (citing *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 305 (2d Cir. 1994)).[1]

---

[1] With respect to sufficiently alleging the amount-in-controversy, Target was not without recourse.  While N.Y. C.P.L.R. § 3017(c) prohibits plaintiffs from specifying a particular amount of damages in the state court complaint, the same statute provides a mechanism for defendants to ascertain the amount in controversy: a defendant "may at any time request a supplemental demand setting forth the total damages to which the pleader deems himself [or herself] entitled." N.Y.

Accordingly, the Court finds that Defendant's allegations in its Notice are insufficient to support the exercise of federal subject matter jurisdiction. Remand to state court is therefore proper. *See, e.g.*, *Woodley v. Mass. Mut.*, No. 08-CV-949 (NRB), 2008 WL 2191767, at *2 (S.D.N.Y. May 23, 2008) (remanding for lack of subject matter jurisdiction where only basis of satisfying amount-in-controversy requirement was a similar *ad damnum* clause in complaint).

## CONCLUSION

For the reasons explained above, this case is remanded to the Supreme Court of the State of New York, County of Kings, under docket number 524283/2022, for lack of subject matter jurisdiction.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: October 27, 2022
　　　　Brooklyn, New York

---

C.P.L.R. § 3017(c). Furthermore, "the removal clock does not start to run until the plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought." *Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 38 (2d Cir. 2010). "Rather than prematurely removing the action to this Court, Defendant should have availed [itself] of [N.Y. C.P.L.R. § 3017(c)], pursuant to which the state court, on motion, is to order Plaintiff[s] to respond to a demand for total damages." *Herrera*, 2016 WL 4536871, at *2.; *cf. Noguera v. Bedard*, No. 11-CV-4893 (RRM) (ALC), 2011 WL 5117598, at *2 (E.D.N.Y. Oct. 26, 2011) ("Defendants' remedy is not to presume, by plaintiff's silence, that the amount in controversy, if admitted, would confer federal subject matter jurisdiction, and thus remove the action.").

5